United States District Court
Southern District of Texas
**ENTERED**
April 24, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD WARNER WELCH, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00392 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### ORDER, MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant State Farm Lloyds' Motion for Summary Judgment (Dkt. 23) and Motion to Exclude Plaintiffs' Expert Witness Testimony (Dkt. 26). Having reviewed the briefing, the record, and the applicable law, I deny State Farm's Motion to Exclude, and recommend that State Farm's Motion for Summary Judgment be denied in part and granted in part.

### BACKGROUND

Plaintiffs Richard and Robbin Welch brought this suit against State Farm claiming that State Farm wrongfully denied an insurance claim the Welches made under a homeowners' policy with State Farm (the "Policy").

On August 9, 2022, Richard Welch reported to State Farm that his home (the "Property") sustained water damage because of a plumbing leak. On August 17, 2022, State Farm retained Herndon/Muncey, Inc. to conduct plumbing tests to confirm the presence of a leak. On August 26, 2022, Herndon/Muncey conducted a static test, a hydrostatic test, and a flow test at the Property. Herndon/Muncey's testing confirmed leaks in the plumbing system under the foundation and an above grade plumbing leak. The Welches retained Herndon/Muncey to repair the leaks. Around the same time, the Welches retained Olshan Foundation to make repairs to their foundation.

The Welches then filed a claim to recoup the payments they made for these repairs. As to Herndon/Muncey's repairs, State Farm denied the claim on the ground that the Policy does not cover repairs to a plumbing system and provides coverage for the "reasonable cost" incurred "to tear out and replace only that particular part of the building structure necessary to gain access to the specific point of that system or appliance from which seepage or leakage occurred." Dkt. 24-1 at 19 (emphasis removed). State Farm argues that, because the plumbing repairs were made by tunneling under the slab, no tearing out or replacing was required, thus the work is not covered under the Policy.

As to the foundation repairs, State Farm denied the claim on the ground that the Policy covers damage to the foundation only when it is "caused by seepage or leakage of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system." *Id.* at 12. State Farm based this denial on the opinion of Peter J. Kosmoski, an engineer that State Farm hired to inspect the Property. Kosmoski concluded that the plumbing leaks did not cause the foundation damage, attributing the damage to drainage conditions, adverse weather conditions, and animal activity. Kosmoski inspected the Property on September 15, 2022. State Farm denied the Welches' claim on October 16, 2022.

Following the denial of their claim, the Welches retained Barret F. Angst to inspect the Property on their behalf. Angst inspected the Property on November 8, 2024. Unlike Kosmoski, Angst attributed the foundation damage to the plumbing leaks, concluding that "[d]ue to the continuous flow of water from the plumbing leaks, the soils were eroded, causing voids and slab settlement." Dkt. 24-9 at 8.

On December 14, 2023, the Welches filed this lawsuit. They assert seven claims against State Farm: (1) bad faith, (2) breach of contract, (3) deceptive insurance practices in violation of the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA"), (4) late payment of claims in violation of the Texas Prompt Payment of Claims Act ("TPPCA"), (5) common law fraud, (6) fraud by

nondisclosure, and (7) fraud in the sale of an insurance policy. State Farm has moved for summary judgment on all of the Welches' claims.

## ORDER ON STATE FARM'S MOTION TO STRIKE[1]

Before turning to State Farm's Motion for Summary Judgment, I must address State Farm's Motion to Exclude Plaintiffs' Expert Witness Testimony. *See* Dkt. 26. State Farm seeks to exclude the testimony of three expert witnesses. First, State Farm seeks to exclude testimony from two of the Welches' non-retained experts—Sandra Davis and John Wade. State Farm contends that the Welches have failed to make the required disclosures for Davis, and that Wade is unqualified to provide causation opinions regarding foundation movement. As to the Welches' retained expert, Angst, State Farm argues that he "has provided a causation opinion as to the foundation movement that is speculative and not reliable." Dkt. 26 at 2.

In response to State Farm's Motion to Exclude, the Welches have withdrawn the designation of Davis, and represented that they "will not seek expert testimony from John Wade on the issue of causation." Dkt. 27 at 1. Accordingly, State Farm's Motion to Exclude is denied as moot as to Davis and Wade.

As for Angst, the Welches note that State Farm presents but a mere three-sentence challenge to Angst:

> a. While Angst's inspection and review of information may suggest that the slab deflection (foundation movement) is consistent with a plumbing leak, Angst does not actually state that the plumbing leak in fact caused the foundation movement.

> b. Plaintiffs' expert also did not provide any citations or publications which support the assertions and claims he makes in his report.

> c. Additionally, he does not establish how these broad assertions apply to the specific facts to reach his conclusions or what reliable methods he used to reach these conclusions.

---

[1] "District courts in the Fifth Circuit have universally treated motions to strike expert testimony as non-dispositive matters within the statutory jurisdiction of magistrate judges." *Lloreda v. Dolgencorp of Tex., Inc.*, No. 3:21-cv-00171, 2022 WL 203258, at *1 n.1 (S.D. Tex. Jan. 24, 2022).

Dkt. 27 at 2 (quoting from Dkt. 26 at 8).

As to the first of State Farm's arguments—that Angst does not actually state that the plumbing leak caused the foundation movement—I agree with the Welches that State Farm is just plain wrong. As noted above, Angst opines: "Due to the continuous flow of water *from the plumbing leaks*, the soils were eroded, *causing voids and slab settlement*." Dkt. 24-9 at 8 (emphasis added). Thus, Angst states quite clearly that the plumbing leaks caused the foundation movement (i.e., slab settlement).

State Farm is also just plain wrong as to its second argument that Angst's report is unsupported. Angst cites the following "key documents" that informed his investigation:

### Guidelines & References

This will serve as our citation page which references our standard source (ASTM E2713 *Standard Guide to Forensic Engineering* ), as well as the other sources listed below. These are key documents that have contributed to our knowledge base as we conduct our investigation.

1. ASCE standard SEI/ASCE 11, *Guideline for Structural Condition Assessment of Existing Buildings*
2. ASCE standard SEI/ASCE 30, *Guideline for Condition Assessment of Building Envelope*
3. ANSI/IIRC S500-2015 — Fourth *Edition Reference Guide for Professional Water Damage Restoration (Details the definitions and restoration procedures for water damage.)*
4. IBC 2021—*International Building Code*
5. IBC 2021—*International Existing Building Code*

Dkt. 24-9 at 6. To the extent State Farm believes that, like in a legal opinion, each assertion or claim in an expert's report must be directly supported with a citation, State Farm offers no legal authority for this position. As a trial lawyer for 25 years, a federal judge for eight years, and an adjunct professor who teaches evidence, I can confidently say that "lack of citations" is a spurious objection.

Similarly bogus is State Farm's third objection—that Angst fails to establish what methods he used to reach his conclusions. While Angst's report and analysis may not be as lengthy as that of State Farm's expert, Angst provides more than enough detail to demonstrate that his testimony is "grounded in the methods and

procedures of science and [is] more than unsupported speculation or subjective belief." *Manning v. Walgreen Co.*, 638 F. Supp. 3d 730, 733 (S.D. Tex. 2022) (quoting *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012)). Given State Farm's factually incorrect objections and my "broad discretion in deciding whether to admit expert testimony," *Manning*, 638 F. Supp. 3d at 734, I deny State Farm's Motion to Exclude as to Angst. Having established that Angst may testify as an expert, I turn to State Farm's Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Evidence is viewed "in the light most favorable to the non-moving party, and the movant has the burden of showing this court that summary judgment is appropriate." *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009) (citation omitted).

## ANALYSIS

### A.    BREACH OF CONTRACT AND LATE PAYMENT CLAIMS

"A Texas breach of contract claim has four elements: (1) a valid contract, (2) plaintiff's performance, (3) defendant's breach, and (4) resulting damages." *Taylor v. Root Ins. Co.*, 109 F.4th 806, 809 (5th Cir. 2024) (quotation omitted).

> In a coverage dispute, the insured has the burden first to prove that their loss falls within the terms of the contract. Once the insured demonstrates this, the burden shifts to the insurer, who, to avoid liability, must show that the loss falls into an exclusion to the policy's coverage. Finally, if the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage.

*Buchholz v. Crestbrook Ins. Co.*, 65 F.4th 766, 769–70 (5th Cir. 2023) (cleaned up). Here, the parties dispute only the third element: breach. Specifically, the parties dispute whether the loss falls within the terms of the contract.

The Welches argue "that State Farm breached the contract by refusing to pay for (1) the interior and exterior foundation damages caused by the plumbing leak, and (2) the cost to tear out and penetrate the dwelling's exterior brick walls to access the plumbing leak." Dkt. 24 at 9. State Farm contends that (1) the foundation damage was not caused by the plumbing leak, and (2) the tunneling that Herndon/Muncey did to repair the plumbing leak did not require tearing out or replacing part of the building.

That summary judgment should be denied as to the Welches' breach of contract claim is a no-brainer. Unlike many insurance coverage disputes, the parties do not dispute what the Policy means. Rather, the dispute here turns on a single fact: whether the plumbing leak caused the foundation damage to the Property. State Farm's expert, Kosmoski, says it did not. *See* Dkt. 23-5 at 38 ("These leaks have not caused or contributed to the detected foundation movement or associated cosmetic damages."). The Welches' expert, Angst, says it did. *See* Dkt. 24-9 at 8 ("Due to the continuous flow of water from the plumbing leaks, the soils were eroded, causing voids and slab settlement."). "[C]ourts have again and again concluded that the dueling theories of ostensibly credible experts create a triable issue of fact." *Lalumandier v. State Farm Mut. Auto. Ins. Co.*, No. 3:13-00426, 2016 WL 3211515, at *3 (M.D. La. Jan. 28, 2016) (collecting cases); *see also Hansen v. State Farm Lloyds*, No. 4:22-cv-03833, 2025 WL 963079, at *4 (S.D. Tex. Mar. 28, 2025) (denying summary judgment where, as here, insured's breach of contract claim turned on causation because "dueling expert opinions about [the cause of the] damage create factual disputes for a jury to resolve"). Because Kosmoski and Angst's dueling expert opinions create a genuine dispute of material fact as to whether the plumbing leak caused the foundation damage, State Farm is not entitled to summary judgment on the Welches' breach of contract claim.[2]

---

[2] As for the Welches' claim that State Farm breached the Policy by refusing to pay for the cost to tear out the dwelling's exterior brick walls to access the plumbing leak, State Farm acknowledges that "the three-square feet of brick veneer" that Herndon/Muncey tore out during its repairs "qualifies as [] part of the building structure." But State Farm "does not

Because a jury should decide the Welches' breach of contract claim, State Farm is also not entitled to summary judgment on the Welches' late payment claim. "An insurer does not become 'liable' for purposes of the [TPPCA] 'until it . . . [has] been adjudicated liable by a court or arbitration panel." *Schnell v. State Farm Lloyds*, 98 F.4th 150, 159 (5th Cir. 2024) (quoting *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 819 (Tex. 2019)); *see also Agredano v. State Farm Lloyds*, 975 F.3d 504, 507 (5th Cir. 2020) ("[I]t is not necessary for a plaintiff to prove that the insurer acted wrongfully or in bad faith. . . . The [TPPCA] requires only liability under the policy and a failure to comply with the timing requirements of the TPPCA."). State Farm's liability on the late payment claim, if any, hinges on the breach of contract claim. Thus, State Farm would not be entitled to judgment on the late payment claim unless and until the breach of contract claim is decided in State Farm's favor.

## B.    BAD FAITH AND DECEPTIVE TRADE PRACTICES

The Welches' remaining claims for bad faith and deceptive insurance practices in violation of the Texas Insurance Code and DTPA both require that "the insurer had no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–52 (Tex. 1997) (cleaned up); *see also Parkans Intern. LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) ("claims under DTPA and § 21.21 of the Texas Insurance Code require same predicate for recovery as a bad faith

---

agree that the tie-in at that location was to access the specific point of the system where the leak occurred as required by the policy." Dkt. 23 at 11–12 n.4. State Farm's mere assertion, in a footnote, that the exterior wall penetration is not covered by the Policy is insufficient to demonstrate the absence of a genuine dispute of material fact. State Farm also notes that, even if covered by the Policy, it is undisputed that "the [$500] cost for the exterior wall penetration" is well below the Policy's $2,787.00 deductible. *Id.* at 11 n.4. That may be true, but if the trier of fact concludes that the plumbing leak caused the foundation damage, then the Welches would potentially have damages in excess of the Policy's deductible. Thus, a jury should decide whether the exterior wall penetration is covered by the Policy at the same time it decides whether the plumbing leak caused the foundation damage.

cause of action"); *Erazo v. State Farm Lloyds*, No. 4:23-cv-1965, 2024 WL 2805328, at *4 (S.D. Tex. May 3, 2024) ("Three of Plaintiff's extra-contractual claims (breach of the common-law duty of good faith and fair dealing, DTPA violations, and violation of Texas Insurance Code Chapter 541) share the same predicate for recovery: a showing of common law bad faith." (cleaned up)).

The Welches contend that State Farm acted in bad faith by investigating their claim "in a manner calculated to construct a pretextual basis for denial." Dkt. 24 at 10. Specifically, the Welches argue that Kosmoski:

- Never mentions the types/species of trees and bushes on the Property, and "never points to any testing, scientific evidence, or literature" to support his opinion that vegetation on the Property caused soil shrinkage (*id*. at 11);

- "[A]ttributed the damages to foundation work performed seventeen (17) years earlier without determining whether damage appeared in the home during those almost two intervening decades" (*id*. at 13);

- "[A]ttributes the voids beneath the foundation to 'animal activity'" without providing any support for this conclusion (*id*.);

- "[N]ever explains how he reached the conclusion that water flowing from the leaking pipes had absolutely no effect on the foundation movement or did not contribute to the slab deflection" (*id*. at 14).

According to the Welches, the "wide analytical gap between the data included in Kosmoski's report and his subjective findings" means that "a reasonable juror could determine that State Farm had no reasonable basis to rely on Kosmoski's report." *Id*.

State Farm's sole retort is that the court should "grant summary judgment as to Plaintiffs' bad faith / fraud claims as the only opinion that State Farm had at the time of its claim decision was that the foundation movement was not caused by a plumbing leak."[3] Dkt. 25 at 3. But the Texas Supreme Court has

---

[3] State Farm also argues in its reply brief that summary judgment should be granted because the Welches "fail[ed] to put forth evidence that the plumbing leak caused the foundation movement." Dkt. 25 at 3. But this argument rests upon the false premise that Angst did not state that the plumbing leak caused the foundation damage, and the assumption that Angst's testimony would be excluded.

8

never held that the mere fact that an insurer relies upon an expert's report to deny a claim automatically forecloses bad faith recovery as a matter of law. Instead, we have repeatedly acknowledged that an insurer's reliance upon an expert's report, standing alone, will not necessarily shield the carrier if there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable.

*State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997).

The Welches have argued that State Farm's reliance on Kosmoski's report was unreasonable and State Farm has not challenged that argument in its reply. When a party "fails to properly address another party's assertion of fact . . . , the court may . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2). Accordingly, I find that State Farm has not carried its burden to demonstrate the absence of a genuine issue of material fact concerning whether it had a reasonable basis for denying the Welches' claim. Thus, State Farm is not entitled to summary judgment on the Welches' bad faith and deceptive trade practices claims.

## C.   FRAUD CLAIMS

State Farm is, however, entitled to summary judgment on the Welches' three fraud claims: (1) common law fraud, (2) fraud by nondisclosure, and (3) fraud in the sale of an insurance policy. The Welches state in their response brief that their "fraud claims are based on information that has been requested from State Farm in discovery but not yet received from State Farm." Dkt. 24 at 15. In other words, the Welches acknowledge that they have no evidence to support their fraud claims.

The Welches filed their response brief on February 21, 2025. In that brief they stated they "are in the process of drafting the required position letter as required by the Court rules. Plaintiffs plans to seek leave to supplement their summary judgment response once the parties resolve the dispute or once the Court addresses the parties' discovery dispute." *Id*. at 16. That was nearly two months ago. The Welches have brought no discovery dispute to this court, nor have they sought to supplement their summary judgment response. If the Welches believed

that they could not defend State Farm's summary judgment motion due to facts not available to them, there is a procedure for that, but it requires an "affidavit or declaration that, for specified reasons, [the non-movant] cannot presents facts essential to justify its opposition." *See* FED. R. CIV. P. 56(d). Because the Welches have not presented evidence to create a genuine issue of material fact as to their fraud claims, and have not given the court specified reasons for why such evidence is not available to them, State Farm is entitled to summary judgment on each of the Welches' fraud claims.

## CONCLUSION

For the reasons discussed above, State Farm's Motion to Exclude (Dkt. 26) is **DENIED**. As for State Farm's Motion for Summary Judgment (Dkt. 23), I recommend it be **DENIED IN PART** and **GRANTED IN PART**. Specifically, I recommend the Motion for Summary Judgment be denied as to the Welches' breach of contract, late payment, bad faith, and deceptive trade practices claims; I recommend the motion be granted as to the Welches' fraud claims.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 24th day of April 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE